**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

---

OSCAR ALEXIS TORRES-MONTOYA,

Petitioner,

v. No. 1:26-cv-01349-MLG-LF

WARDEN, Torrance County Detention Center, et al.,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**
**AND DIRECTING RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER**

This matter is before the Court on Oscar Torres-Montoya's Petition for Writ of Habeas Corpus ("Petition"), Doc. 1. Torres-Montoya challenges his continued immigration detention without an individualized custody determination and seeks immediate release—or, in the alternative, a bond hearing. *Id.* at 3, 12-16; *see also id.* at 22 (requesting related declarative and injunctive relief). Federal Respondents[1] do not contest the facts presented in the Petition nor that they are materially indistinguishable from other habeas petitions granted by this Court. *See* Doc. 5 at 2; Doc. 8.

Accordingly, because there is no indication that Torres-Montoya (1) is being held pursuant to 8 U.S.C. § 1226(c), or (2) has an administratively final order of removal, the Court concludes § 1226(a) governs his detention. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026) (holding that "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not §

---

[1] The Court uses "Federal Respondents" to refer to all Respondents in this matter other the Warden of Torrance County Detention Facility.

1225(b)(2)(A)"). Torres-Montoya's detention without a bond hearing therefore constitutes an ongoing violation of his right to due process under the Fifth Amendment to the United States Constitution. *See Cortez-Gonzalez v. Noem*, 811 F. Supp. 3d 1287, 1298 (D.N.M. Dec. 2025); *see also Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 785 (E.D. Mich. 2025) ("The discretionary bond framework under Section 1226(a) requires a bond hearing to make an individualized custody determination. . . . Therefore, without first evaluating [a noncitizen's] risk of flight or dangerousness, his detention is a violation of his due process rights.").

In habeas corpus proceedings, "a federal court 'possesses power to grant *any form of relief necessary* to satisfy the requirement of justice.'" *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (quoting *Levy v. Dillon*, 415 F.2d 1263, 1265 (10th Cir. 1969)). Immediate release is the appropriate remedy for the due process violation in this case. *See Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("The typical remedy for [unlawful executive] detention is, of course, release."); *Sosa v. De Anda-Ybarra*, No. 1:26-cv-01167-SMD-GJF, 2026 WL 1453999, at *3 (D.N.M. May 22, 2026) (ordering a petitioner's immediate release rather than a bond hearing); *cf. Cruz-Reyes v. Bondi*, 818 F. Supp. 3d 875, 887 (S.D. Tex. 2026) ("Ordering a bond hearing under § 1226(a), after [the petitioner] has been taken into custody [and erroneously detained under a mandatory detention provision], cannot make up for the lack of an initial, individualized determination process by ICE.").

It is hereby ordered:

1. Respondents must immediately release (no later than four-eight hours from this Order's filing) Torres-Montoya from custody.

2. Upon Torres-Montoya's release, Respondents must return all of his property, including any identification documentation that was in his possession when he was detained.

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA